IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LOUIE HENDON, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. _____ |
| COCA-COLA ENTERPRISES, INC., a domestic corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

COMPLAINT & DEMAND FOR JURY TRIAL
------

1. The Plaintiff, Louie Hendon ("Plaintiff"), was an employee of Defendants, Coca-Cola Enterprises, Inc., ("Defendants"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a stocking merchandiser and performed related duties for Defendants in, among others, Fulton County, Georgia.

2. Defendant, Coca-Cola Enterprises, Inc., is a Georgia corporation that operated and conducted business in, among others, Fulton County, Georgia, and continues to operate and conduct business in, among others, Fulton County, Georgia, and is therefore, within the jurisdiction of this Court.

3. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated, hourly paid employee who worked for Defendants at any time within the past three (3) years.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. Based upon information and belief, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendants had an annual business dollar volume of at least $500,000.00.

6. Defendants are engaged in interstate commerce and were so engaged during Plaintiff's employment with Defendants.

7. Defendants have two or more employees of the enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

8. Plaintiff and those similarly situated to him were individually covered by the FLSA as they utilized the instrumentalities of commerce.

9. Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff and those similarly situated performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff and those similarly situated for those hours worked in excess of 40 within a workweek.

10. Defendants failed to compensate Plaintiff and those similarly situated at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

11. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendants who, like Plaintiff, were not compensated at one and one-

half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more workweeks within the past three (3) years.

12. Plaintiff and those similarly situated did not have discretion in matters of significance.

13. Plaintiff and those similarly situated did not exercise real and substantial independent judgment related to management matters.

14. Plaintiff's work and the work of those similarly situated did not require knowledge of an advanced type that is customarily acquired by a prolonged course of specialized intellectual instruction.

15. Plaintiff's work and the work of those similarly situated did not relate to a recognized artistic or creative endeavor.

16. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession, custody, or control of Defendants.

17. The burden of proof regarding the precise number of hours worked by Plaintiff and those similarly situated belongs to Defendants.

RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-15, above.

19. During their employment with Defendants, Plaintiff and other similarly situated employees, regularly worked overtime hours but were not paid time and one-half compensation for same.

20. Defendants failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

21. Upon information and belief, Defendants' failure to properly compensate Plaintiff and other similarly situated employees for their overtime hours worked was reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

22. Defendants' violation of the FLSA was willful.

## DAMAGES AND REQUESTED RELIEF

23. As a result of Defendants' intentional, willful, and reckless failure to lawfully compensate Plaintiff and other similarly situated employees for overtime hours that they worked, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

24. As a result of Defendants' intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and other similarly situated employees are entitled to back wages and liquidated damages from Defendants for all hours worked in excess of 40-hours during one or more workweeks within the past 3 year.

25. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees demand payment of their overtime wages at the correct rate pursuant to 29 U.S.C. § 207 found to be due and owing, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the FLSA, and that all hours worked over forty in a workweek should be paid time

and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan, P.A. in prosecuting this case pursuant to 29 U.S.C. § 216(b), Plaintiff agrees that reasonable hourly rates for the labor attorneys of Morgan & Morgan, P.A. are $300 to $400 per hour, and such further relief as this Honorable Court may deem to be just and proper.

        Respectfully submitted,

        MORGAN & MORGAN, PA

        s/Jennifer M. Bermel
        Jennifer M. Bermel
        GA Bar No. 794231
        Morgan & Morgan, PA
        2600 One Commerce Square
        Memphis, Tennessee 38103
        Tel: (901) 217-7000
        Fax: (901) 333-1871
        Email: JBermel@forthepeople.com

DATED: October 21, 2010